| | | |
|---|---|---|
| Johnnie Frazier, #265586, | ) | C/A No.: 1:19-3585-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Warden Kindel, Lieber | ) | ORDER AND NOTICE |
| Correctional Institution,[1] Warden | ) | |
| James Blackwell, and Warden | ) | |
| Joseph McFadden, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Johnnie Frazier ("Plaintiff"), proceeding pro se, filed this complaint

pursuant to 42 U.S.C. § 1983 against Lieber Correctional Institution's Warden

Kindel ("Kindel"), as well as Warden James Blackwell ("Blackwell") and

Warden Joseph McFadden ("McFadden") (collectively "Defendants"), in their

official and individual capacities, alleging violations of his constitutional

rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ.

Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such

---

[1] The Clerk of Court is directed to remove "Lieber Correctional Institution" as a defendant. Although Plaintiff includes "LIBER CORECTINAL INST" in the caption, he does not address or make any allegations to it as a defendant in the complaint. Therefore, it appears Plaintiff did not intend to name Lieber Correctional Institution as a party, but rather, to identify where Warden Kindel is located. If Plaintiff intends to name Lieber Correctional Institution as a defendant, he should specifically address this matter in an amended complaint.

complaints for relief and submit findings and recommendations to the district judge.

I.      Factual and Procedural Background

Plaintiff is a state prisoner housed at Perry Correctional Institution. [ECF No. 1 at 2, 6]. He alleges Defendants deprived him of his constitutional rights. *Id.* at 2–4.

Plaintiff alleges that from July 4, 2017, to April 15, 2018,[2] he was confined to his cell with only one shower per week, no recreation, and no access to the law library. *Id.* at 5. He claims he was served three cold meals per day during this period and his cell was not cleaned for months at a time. *Id.* He maintains his inability to access the law library and the absence of a table and chair in his cell prevented him from timely filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Id.* He claims his health deteriorated from a lack of sunlight and fresh air, and he developed a Staphylococcus infection as a result of infrequent showers, poor drainage, and an unclean cell. *Id.* at 7.

Plaintiff requests the court order his health problems be treated and award him damages of $10 per day for each day he was subjected to these conditions, as well as punitive damages. *Id.* at 7.

---

[2] Plaintiff cites these dates, but also claims he was subjected to these conditions for "all-moast [sic] 2 years." [ECF No. 1 at 5]. The undersigned notes July 4, 2017, to April 15, 2018, is a period of slightly more than nine months.

II.    Discussion

A.    Standard of Review

The undersigned anticipates Plaintiff will proceed with his complaint pursuant to 28 U.S.C. § 1915,[3] which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating

---

[3] Plaintiff filed a financial certificate showing an institutional account balance of $.01, but has not yet filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO-240). *See* ECF No. 2. The undersigned is contemporaneously issuing a proper form order directing Plaintiff to address this deficiency.

a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.     Analysis

Plaintiff does not allege any specific personal actions by Kindel, Blackwell, or McFadden that violated his rights.

To state a plausible claim for relief under 42 U.S.C. § 1983,[4] an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). To assert a viable § 1983 claim against a public official, a causal connection or affirmative link must exist between the public official and his/her conduct. *See Iqbal*, 556 U.S. at 676 (providing a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution); *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct); *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of respondeat superior

---

[4] Plaintiff's complaint is properly before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally-guaranteed* rights and to provide relief to victims if such deterrence fails.

has no application under this section.'") (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)); *Vinnedge*, 550 F.2d at 928 (for an individual to be liable under § 1983, it must be affirmatively shown the official charged acted personally in the deprivation of the plaintiff's rights).

Plaintiff has made the conclusory allegation that all defendants violated his constitutional rights, but he has cited no specific action by Kindel, Blackwell, or McFadden that violated his rights. Accordingly, Plaintiff's complaint is subject to summary dismissal.

<u>NOTICE CONCERNING AMENDMENT</u>

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **January 23, 2020**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the

district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

*Shiva V. Hodges*

January 2, 2020                                    Shiva V. Hodges
Columbia, South Carolina                           United States Magistrate Judge