IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Johnnie Frazier, #265586,<br><br>　　　　Plaintiff<br><br>　v.<br><br>Warden James Blackwell, Warden Joseph McFadden<br><br>　　　　Defendants. | C/A. No. 1:19-3585-CMC-SVH<br><br><br>Opinion and Order |

　　　　Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at Lieber Correctional Institution. ECF No. 10 (Amended Complaint). On February 20, 2020, in lieu of an Answer, Defendants filed a motion to dismiss for failure to state a claim and failure to exhaust administrative remedies. ECF No. 21. A *Roseboro* Order was mailed to Plaintiff the same day, advising Plaintiff of the importance of a dispositive motion and the need for Plaintiff to file an adequate response. ECF No. 23. Plaintiff filed a response in opposition (ECF No. 26) and Defendants replied (ECF No. 27).

　　　　In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings. On March 26, 2020, the Magistrate Judge issued a Report and Recommendation ("Report") recommending Defendants' motion to dismiss be denied. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Defendants filed objections on April 9, 2020. ECF No. 32.

　　　　The Magistrate Judge recommends denying Defendants' motion to dismiss because, although Plaintiff concedes he did not exhaust administrative remedies, he also filed a sworn

declaration stating he has filed numerous requests to staff concerning his conditions of confinement that have gone unanswered. Defendants' objections argue that even if Plaintiff's requests to staff went unanswered, this does not excuse him from pursuing Step 1 and 2 grievances. They note SCDC's grievance procedure requires the following: after submitting an informal resolution via written Request to Staff or via computer kiosk, "[i]f no response to Request or the inmate does not agree with the response, the inmate may file a Step 1 grievance addressing his concerns," and then may file a Step 2 grievance if he does not "accept the resolution" of his Step 1 grievance. ECF No. 32 at 2. Because Plaintiff did not pursue Step 1 or Step 2 grievances, they argue, he has not exhausted administrative remedies and this lawsuit should be dismissed.

Upon review of the SCDC Inmate Grievance Procedure, submitted by Defendants as an exhibit to their Reply, there does not appear to be direction as to filing a Step 1 or Step 2 grievance *if the Request to Staff is not answered*. ECF No. 27-1. Certainly, there is no reference to a lack of response to the Request. Section 13.2 notes inmates must first submit an informal Request to Staff and "[i]f an informal resolution is not possible, the grievant will complete a Form 10-5, Step 1." *Id.* at 7.

Based on this lack of clarity, the court ordered Defendants to supplement their response with a specific citation to the policy produced at ECF No. 27-1, or other written policy or procedure, containing the requirement that an inmate pursue administrative appeals via Step 1 and Step 2 grievances in order to exhaust administrative remedies. ECF No. 34. The court also ordered Defendants to direct the court to any policy provisions specifying how many days an inmate must await a response to the Request to Staff before filing a Step 1 grievance. *Id.* Defendants filed a supplement on May 15, 2020. ECF No. 36.

In their supplemental objections, Defendants highlighted the sentence in the policy stating the inmate may file a Step 1 grievance "if informal resolution is not possible." ECF No. 36 at 3. They then argue Plaintiff stated he did not file a specific request regarding the issues he addresses in his Amended Complaint in this matter, as previous requests to staff had gone unanswered. They contend that if Plaintiff had submitted a Request to Staff, and did not receive a response, this would "provide a prime example of informal resolution of the issues not being possible." *Id.* at 4. It is "generally known through the SCDC system to both staff and inmates" that an inmate would proceed to file a Step 1 grievance to exhaust administrative remedies if a Request to Staff went unanswered. In support of this, Defendants attach a "Presentation Guide of SCDC Inmate Grievance System Given to Inmates: Lieber Correctional Institution," which notes if a response is not received to a Request to Staff within 45 days, the inmate may file a Step 1 grievance and attach the Request to Staff. ECF No. 36-3 at 1.[1]

Plaintiff contends previous Requests to Staff have gone unanswered. However, Plaintiff has failed to allege he submitted a Request to Staff on the specific issues raised by his Amended Complaint, although he notes "Lt. Miller was informed." The court agrees with Defendants this is insufficient. Previous unanswered Requests to Staff are insufficient to show that this particular request, had it been made, would not have received a response.[2] The court therefore declines to adopt the Report. Defendants' motion to dismiss based on failure to exhaust administrative remedies is granted, and this case is dismissed without prejudice.

---

[1] While Plaintiff is currently incarcerated at Perry Correctional Institution, he has been housed at Lieber at various points in his incarceration.

[2] The court need not reach the issue whether Plaintiff would have been required to file a Step 1 Grievance if no response to a Request to Staff was received.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
May 27, 2020